**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JO PATRICIA RABCHEV,<br><br>　　　　　Defendant. | Case No. 2:21-cv-197-CDS-VCF<br><br>**ORDER**<br><br>MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS (ECF NO. 13); MOTION TO EXTEND TIME (ECF NO. 14) |

The United States filed a motion for an order authorizing alternative service of process and a motion to extend time to serve the defendant. ECF Nos. 13 and 14. The defendant has not appeared or filed an opposition. I grant both motions.

**I.      Legal Standard**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id*. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th

Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Rule 4(f)(3) allows for service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."

Under Rule 4(f)(1), for instance, an individual may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by" the Hague Convention. Rule 4(f)(2) provides for service absent means specified in an international agreement, if the foreign country's law permits. And Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders."

The Hague Convention does not bar service through U.S.-based counsel. See *Carrico v. Samsung Elecs. Co. Ltd.,* No. 15-cv-02087, 2016 WL 2654392, at 4 (N.D. Cal. May 10, 2016) ("Nothing in the Hague Convention bars Plaintiffs' requested service on [the defendant] through her [U.S.-based] attorney."); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at 12 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)…Nothing in the Hague Convention prohibits such service."); *RSM Production Corp. v. Fridman*, No. 06 Civ. 11512, 2007 WL 2295907, at 3 (S.D.N.Y. Aug.10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel.").

**II.     Analysis**

According to the United States, defendant Rabchev is a United States citizen residing in Bulgaria. ECF No. 13.  Plaintiff states that Paul Predmore is Rabchev's U.S-based attorney, that he previously represented Rabchev in a recent case, and that he has likely been in communication with the

defendant about this lawsuit. *Id.* Plaintiff also states that Rabchev transferred a Henderson home that she owned with her husband to a company that she also owns with her husband called Globe Investors & Developers. *Id.*

In *Rio Properties, Inc. v. Rio International Interlink*, the Ninth Circuit found that service upon a US based attorney with whom a defendant consulted regarding the lawsuit underlying the service is appropriate. See *Rio Props*., 284 F.3d at 1017. I grant the plaintiff's request to effectuate service via email and mail on the defendant's attorney. I also grant the plaintiff's request to effectuate service via mail to the Henderson house that her company owns. I find that these methods of alternative service are reasonably calculated to apprise the defendant of the claims against her in this court. A short extension of time to serve the defendant is warranted given the facts of this case.

ACCORDINGLY,

I ORDER that the United States' motion for alternative service (ECF No. 13) is GRANTED.

The United States must serve Defendant Jo Patricia Rabchev via the following means:

(1) Plaintiff must serve the summons and complaint on Paul Predmore, her U.S.-based attorney, Through both (a) email to ppredmore@bhlawpllc.com and (b) mail to

Paul M. Predmore
Bousquet Holstein PLLC
110 West Fayette St.
One Lincoln Center, Suite 1000
Syracuse, New York 12303-1190;
and

(2) Plaintiff must also mail the summons and complaint to Ms. Rabchev's residence at

1703 Tangiers Drive
Henderson, Nevada 89012.

I FURTHER ORDER that plaintiff's motion to extend time for service (ECF No. 14) is

3

GRANTED. Plaintiff has until Monday, August 8, 2022 to file proof of service on defendant Jo Patricia Rabchev.

IT IS SO ORDERED.

DATED this 7th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE