UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

JO PATRICIA RABCHEV,

Defendant.

Case No. 2:21-cv-00197-CDS-EJY

**ORDER**

Following a long history and multiple opportunities to comply with Court orders requiring Defendant to provide full and complete responses to the Government's discovery requests (*see*, for example, ECF No. 90), and as discussed at the July 6, 2026 hearing addressing this same issue, the Court entered an order granting sanctions under Rule 37 of the Federal Rules of Civil Procedure. ECF No. 102 (the "Sanctions Order"). The Sanctions Order requires Defendant to pay into the U.S. District Court for the District of Nevada's General Fund the reasonable fees and costs incurred by the Government arising from preparation of its Motion to Compel together with all subsequent efforts to obtain compliance. *Id*. The Sanctions Order further precludes Defendant from introducing evidence responsive to the discovery requests located after July 6, 2026, and makes clear such evidence is inadmissible. *Id*.

In addition to the above, the Court ordered the Government to provide the Court with proposed language for adverse inferences granted. *Id*. The Court stated that the finalized adverse inferences would be read to the jury if this case proceeds as a jury trial. *Id*. If the case proceed as a bench trial, the Court will take such inferences into consideration. *Id*.

The Court received the Government's Memorandum on July 20, 2026. ECF No. 103. Defendant's response was received on July 27, 2026. ECF No. 104. The Government contends it spent a total of 53.25 hours engaged in preparing the Motion to Compel and attempting to gain Defendant's subsequent compliance with the Court's orders. ECF No. 103 at 1. The Government

further states it incurred $1,654.64 in costs for travel expenses associated with appearing at the July 6, 2026 hearing. *Id*. at 2. Defendant does not contest these numbers. ECF No. 104.

Based on the Court's substantial familiarity with the discovery proceedings in this dispute and the Government's efforts to obtain records in response to document requests propounded in March 2024, the Court finds the costs incurred and hours estimate are reasonable and approved. However, as Defendant correctly points out, the Government failed to propose an hourly rate applicable to the time spent. ECF No. 103. Defendant suggests $350 an hour (ECF No. 104), a rate the Court finds reasonable. Therefore, the total amount incurred that Defendant must pay into the U.S. District Court of the District of Nevada's General Fund is $18,637.50 for fees and $1,654.64 for costs.

The parties provide slightly different posed language for the adverse inferences to be read to the jury or considered by the Court. The proposals were evaluated, and the Court enters its findings below.

IT IS HEREBY ORDERED that:

1. No later than **September 22, 2026,** Defendant must submit to the Clerk of Court for deposit into the United States District Court for the District of Nevada's General Fund $18,637.50 as reimbursement of fees and $1,654.54 as reimbursement of costs.

2. The below adverse inferences are to be read to the jury or considered by the Court at trial:

   a. The Court ordered Defendant to produce records relating to certain foreign financial accounts maintained in Canada and the Cayman Islands. Defendant failed to produce those records despite repeated opportunities to do so. The missing records pertain to the following foreign financial accounts:

      i. Account number ending in *9818, maintained at Canadian Imperial Bank of Commerce in Canada for the years 2004 through 2009; and

      ii. Account number ending in *7516, maintained at Butterfield Cayman in the Cayman Islands for the years 2004 through 2009.

b. Given Defendant's failure to comply with the Court's orders requiring production of these records, you may infer that:

i. Defendant maintained or had a financial interest in, or signature or other authority over, account number ending in *9818 at Canadian Imperial Bank of Commerce during the years 2004 through 2009; the account was a foreign financial account as defined in 31 C.F.R. § 1010.350; and the aggregate value of the account exceeded $10,000 during each of those years.

ii. Defendant maintained or had a financial interest in, or signature or other authority over, account number ending in *7516 at Butterfield Cayman during the years 2004 through 2009; the account was a foreign financial account as defined in 31 C.F.R. § 1010.350; and the aggregate value of the account exceeded $10,000 during each of those years.

3. Defendant's repeated failure to produce records despite ample opportunity to do so, together with any reasonable inferences you draw from that failure, permits the inference that Defendant's failure was willful.

4. The adverse inferences drawn from Defendant's failure to produce records may be overcome by her presentation of evidence that was disclosed to the Government prior to July 6, 2026.

Dated this 1st day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE